BLD-094                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4372
_____

RONALD STEVEN KRAMER, SR.,
                                                            Appellant

v.

COMMISSIONER OF SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 11-cv-00699)
District Judge: William L. Standish

_____

Submitted for Possible or Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 20, 2012
Before: SCIRICA, SMITH and CHAGARES, Circuit Judges

(Filed: February 08, 2012)
_____

OPINION OF THE COURT
_____


PER CURIAM.

     Appellant Ronald Kramer appeals from an order of the District Court dismissing

his complaint.  For the following reasons, we will summarily affirm.

1

Kramer applied in 2008 for social security disability benefits and supplemental security income under Titles II and XVI of the Social Security Act, claiming a disability since 1990. His claim was denied and he requested a hearing. That hearing took place on May 6, 2010 in Pittsburgh, Pennsylvania, and Kramer appeared and testified at the hearing. He was represented by Vickie L. Nagle, a non-attorney representative. Following the hearing, the Administrative Law Judge determined that, although Kramer had a seizure disorder which was severe, it was controlled by his medication. When his seizures were not under good control, it usually was because he was not taking his medication and/or he was drinking alcohol. The ALJ denied the claim on June 24, 2010, concluding that Kramer was not disabled within the meaning of the Social Security Act.

The ALJ's decision was mailed to Kramer and Nagle at P.O. Box 814 in Carnegie, Pennsylvania 15106. Kramer then filed an apparently timely request for review with the Social Security Administration Appeals Council. On March 2, 2011, the Appeals Council denied Kramer's request for review. Notice of the Appeals Council's action was mailed to Kramer at the same post office box in Carnegie, with a copy to Nagle at her new address on Washington Road in Pittsburgh, Pennsylvania.

On May 25, 2011, Kramer submitted a motion to proceed in forma pauperis and a pro se civil complaint against the Commissioner of Social Security. The motion was granted and the complaint was filed in the United States District Court for the Western District of Pennsylvania on that same day. The Commissioner filed a motion to dismiss the complaint as untimely filed, Fed. R. Civ. Pro. 12(b)(6), based on the fact that Kramer failed to file suit within the time required by 42 U.S.C. § 405(g) (60 days). The

2

Commissioner argued that Kramer had been informed that his appeal was denied by letter dated March 2, 2011, but he did not file suit until May 25, 2011, some 19 days after the deadline. Moreover, the case presented no circumstances which would justify tolling of the 60–day deadline.

Kramer responded in opposition to the Commissioner's motion to dismiss, arguing that he could show good cause why his suit was not filed within the 60–day period. Kramer stated that he had taken the necessary steps to advise the Social Security Administration of a change in his mailing address, and that Nagle also had informed the Social Security Administration of his change of address, and her own. Kramer further stated that, by the time the Appeals Council's letter was received at his new address, he was hospitalized in a coma. Only after his daughter gave Nagle a copy of the letter was the civil action filed. Nagle's signature appears on Kramer's response in opposition to the Commissioner's motion to dismiss.

In an order entered on October 27, 2011, the District Court granted the Commissioner's motion and dismissed Kramer's complaint. The court correctly determined that the civil action had not been filed within 60 days, and the court was not persuaded that the doctrine of equitable tolling should apply. The court noted that it had the authority to extend the period for filing the complaint, see Bowen v. City of New York, 476 U.S. 467, 480 (1986), but neither Kramer nor Nagle had provided the date(s) on which they eventually received the Appeals Council's decision. Moreover, the denial notice explicitly advised the recipients, "If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file." Neither individual

3

advised the Social Security Administration that receipt of the notice of decision had been delayed and neither requested an extension.

Kramer appeals. We have jurisdiction under 28 U.S.C. § 1291. Our Clerk advised the parties that we might act summarily under Third Cir. LAR 27.4 and I.O.P. 10.6 to dispose of the appeal. Under Third Circuit LAR 27.4 and I.O.P. 10.6, we may summarily dispose of an appeal when it clearly appears that no substantial question is presented by the appeal. Our review of the District Court's application of section 405(g)'s time limit and the principles of equitable tolling is plenary. Beauty Time, Inc. v. Vu Skin Systems, Inc., 118 F.3d 140, 143 (3d Cir. 1997). Kramer was invited to submit argument in writing, and he has submitted a summary action response.

We will summarily affirm because no substantial question is presented by this appeal. "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). The 60-day appeal period constitutes a statute of limitations that is not jurisdictional. See Bowen, 476 U.S. at 478. Where, as here, the plaintiff has missed the deadline for filing, there are three principal bases for applying the doctrine of equitable tolling: "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong

4

forum." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994).

We find no justification for equitable tolling in the record, for the reasons given by the District Court. First, we are mindful of the Supreme Court's admonition that equitable tolling is "to be applied sparingly." National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002). See also Seitzinger v. Reading Hospital and Med. Ctr., 165 F.3d 236, 240 (3d Cir. 1999) (doctrine approached "warily, so as to guard against possible misuse"). Second, none of the arguments raised by Kramer in his summary action response undermines the District Court's decision. He states that his post office box expired on March 11, 2010; his mail remained at the Upper St Clair Post Office for the next six months; Nagle's Washington Road address expired with no forwarding address; and he was hospitalized on several occasions, most recently in August, 2011, when he had a "near death experience." These assertions do not address the date when Kramer actually received the Appeals Council's notice of decision, nor do they adequately and specifically explain why he was able to file his civil action by May 25, 2011, but not by the due date of May 6, 2011.[1] Accordingly, the District Court did not err in finding no good cause for applying the doctrine of equitable tolling, and in dismissing the civil action as untimely filed.

---

[1] For purposes of computing the last date on which an appeal must be filed in federal district court, Social Security regulations further provide that "the date of receipt of notice of denial ... shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c).

For the foregoing reasons, we will summarily affirm the order of the District Court dismissing Kramer's complaint.